791 F.2d 936
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon Washington, suing on his behalf and as Personal
Representative of the Estate of Hardy James, Jr.,
Plaintiff-Appellant,
v.
Dean Starke; Ronald Kienzle; Michael Krugh; Keith Diamond;
Thomas Yops; Maurice Crandall; Dale Easton; Benton Township;
The City of Benton Harbor; Berrien County; Jack Drach;
Forrest (Nick) Jewell; & Sam Watson, Defendants-Appellees.
 86-1043
 United States Court of Appeals, Sixth Circuit.
 4/4/86
 
 DISMISSED
 W.D.Mich., 626 F.Supp. 1149
 ORDER
 BEFORE: KEITH, NELSON and GUY, Circuit Judges.
 
 
 1
 This matter is before the Court upon defendants' motion to dismiss and plaintiff's response in opposition thereto.
 
 
 2
 Plaintiff commenced action on his behalf and as personal representative of the estate of Hardy James, Jr. (decedent) on May 22, 1985, pursuant to 42 U.S.C. Secs. 1981, 1983, 1985, and 1986. He alleged that defendants violated decedent's rights under the fourth, fifth, sixth, and eighth amendments to the Constitution when they shot and killed him as he fled the scene of a burglary. Decedent was not armed. Plaintiff also filed pendent state claims alleging negligence, gross negligence and intentional tort.
 
 
 3
 The district court granted partial summary judgment for defendants, dismissed plaintiff's Secs. 1983 and 1986 claims with prejudice, and dismissed the pendent state claims against defendant Jewell. The remaining state claims were taken under advisement.
 
 
 4
 Defendants urge dismissal on the basis that the order appealed is neither appealable as a final judgment under Sec. 1291 nor as an interlocutory order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949). In opposition to dismissal plaintiff argues that the district court's order is appealable under the Cohen rule.
 
 
 5
 Upon consideration of all of the papers before the Court, it is concluded that the motion to dismiss must be granted. The Cohen rule makes appealable under 28 U.S.C. Sec. 1291 certain orders that do not fully and finally determine the controversy between the parties. An order is reviewable under Cohen if it involves: (1) conclusive resolution of an issue essentially unrelated to the merits of the main dispute; (2) an important and unsettled question of controlling law; and (3) a right incapable of vindication on appeal from the final judgment. Clearly, the first requirement of Cohen is satisfied in that the district court granted defendants' motion for summary judgment on plaintiff's Sec. 1983 claim based on the ground of qualified immunity. See Mitchell v. Forsyth, ---- U.S. ----, 105 S. Ct. 2806, 2816 (1985). The Sec. 1986 claims were dismissed because they were not timely filed. The second Cohen requirement is also satisfied. Plaintiff claims that this case involves a serious and unsettled question of whether Tennessee v. Garner, ---- U.S. ----, 105 S. Ct. 1694 (1985), should be applied retroactively. Garner holds that deadly force may not be used to prevent the escape of a felony suspect unless the police officer has probable cause to believe that the suspect poses a serious threat of harm to the officer or to others. 105 S. Ct. at 1703. The district court's decision did not turn on whether Garner should be applied retroactively. The district court noted that at least one Circuit has held that Garner should be applied retroactively. The court then stated that officers might be protected from retroactive liability under Garner by the doctrine of qualified immunity. Without expressly deciding the retroactivity question, the court decided the qualified immunity issue. Therefore, plaintiff does present a serious and unsettled question of law regarding whether Garner should be applied retroactively.
 
 
 6
 However, the final Cohen criterion is the satisfied because the issue raised by plaintiff can be vindicated on appeal from the final judgment. Plaintiff claims that the issue would be effectively unreviewable on appeal and that the district court's dismissal of several of his claims deprives him of an opportunity to present evidence on whether decedent was deprived of constitutional rights. He also claims that he would have suffered irreparable injury if this Court concludes on appeal that the district court erred in dismissing several of his claims. These arguments are unpersuasive. Plaintiff neither states why this case would be unreviewable on appeal nor how he will be injured if immediate review is not granted. If on appeal from the final judgment this Court concludes that the district court erred in granting summary judgment to defendants, the case may be remanded to the district court for a new trial. Hence, the district court's order is not appealable under Cohen. See Arendt v. United Power Ass'n, 635 F.2d 755, 756-57 (8th Cir. 1980).
 
 
 7
 Accordingly, it is ORDERED that the motion to dismiss is granted.